THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEDRO JOSUE FLOREZ RAMOS, an individual and AMADO ALFONSO ALFONZO MATOREL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAN MORTENSEN, an individual; MORTENSEN & MILNE CORP., a Utah domestic corporation; SUZETTE RASMUSSEN, an individual; ALL UTAH LAW PLLC, a Utah professional corporation; CELESTE BORYS, an individual; DOE INDIVIDUALS I-X; and ROE ENTITIES I – X;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER REMANDING ACTION TO STATE COURT<br><br>Case No. 2:25CV00066 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs' Motion to Remand. The motion has been fully briefed, and the court has thoroughly considered the parties' arguments. The court determined that oral argument would not materially assist the court in deciding the motion.

Defendants Alan Mortensen and Mortensen & Milne Corp. removed the action three business days after Plaintiffs filed their Complaint and within hours after the first service attempt on the Removing Defendants. There is no dispute, however, that none of the Defendants had yet been served when the case was removed based on diversity of citizenship. The only question at issue in this motion is whether a "snap removal" is permissible. As one

court has aptly explained, "[s]nap removal is a colloquialism for the hasty removal by a non-forum defendant before the plaintiff has an opportunity to serve the forum defendant."[1]

Defendants argue that "the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal . . . only when the defendant has been properly joined and served."[2] Here, because Defendants had not been served, they argue that the forum defendant rule does not bar removal, and therefore, this court should deny Plaintiffs' Motion to Remand.

While some courts have recognized snap removal as lawful gamesmanship, other courts, including another judge in this district, have rejected this tactic and remanded such cases to state court. Specifically, in *Flandro v. Chevron Pipe Line Co.,* the court held:

> [T]he court concurs with district courts that have concluded that the forum defendant rule—plainly enacted to bar diversity-premised suits from federal court when at least one defendant is a citizen of the forum—cannot be circumvented by resort to gamesmanship.
>
> "The underlying purpose of diversity of citizenship [jurisdiction] . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts." S. Rep. No. 85-1830 (1958), as reprinted in 1958 U.S.C.C.A.N. 3099, 3102. "The forum defendant rule . . . recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated." *Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp.2d 1263, 1266 (D.N.M. 2013) (quoting *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013).[3]

---

[1] *See Tortella v. RAKS Bldg. Supply, Inc.*, ___ F. Supp.3d ___, Case No. 24-CV-1026, 2024 WL 4999432, at * 1 n.2 (D.N.M. Dec. 6, 2024).

[2] Defendants' Mem. in Opp'n, ECF No. 9 at 3.

[3] *See Flandro v. Chevron Pipe Line Co.*, Case No. 2:18-CV-697, 2019 WL 1574811, at * 5 (D. Utah April 11, 2019). The court recognizes that *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013), which was quoted in *Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp.2d 1263, 1266 (D.N.M. 2013), a case cited in the *Flandro* decision, is no longer good law because of a later ruling by the Third Circuit in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). This court disagrees with the Third Circuit's decision.

This court agrees with the thorough analysis and holding in *Flandro.* Moreover, although the Tenth Circuit has not squarely addressed the propriety of snap removal, it has recognized—in an unpublished decision—that "the forum-defendant rule would be rendered toothless if quick-fingered civil defense lawyers could remove an otherwise unremovable case simply by virtue of 'beating' service."[4]

Recently, another district court within the Tenth Circuit found the defendants' snap removal to be improper. The District of New Mexico, in *Tortella v. RAKS Bldg. Supply, Inc.*, rejected Defendants' "plain language" argument and concluded that snap removal actually "runs counter to the plain language of the statute,"[5] which "assumes at least one party had been served prior to removal."[6]

The *Tortella* court also concluded that "the district courts within the Tenth Circuit that have considered the snap removal issue have uniformly ruled against snap removal by the forum defendant because the plaintiff did not have a reasonable opportunity to serve the forum defendant and because allowing snap removal by a forum defendant would result in the removal of an otherwise unremovable case."[7]

---

[4] *Woods v. Ross Dress For Less, Inc.*, No. 19-5089, 2021 WL 137561 (10th Cir. 2021)).

[5] *See Tortella,* 2024 WL 4999432, at *2.

[6] *Id.* at *3.

[7] *Id.* In so concluding, the *Tortella* court cited *Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257, 1262 (N.D. Okla. 2017) (commenting that "the majority of the courts . . . have found a strict construction of § 1441(b) leads to absurd results" particularly in cases where "no defendant has been served and/or the forum defendant removed the case"); *In re Jean B. McGill Revocable Living Tr.*, No. 16-cv-707, 2017 WL 75762, at *3 (N.D. Okla. Jan. 6, 2017) (noting the "properly joined and served" language "was not intended to permit hasty 'snap' removals by in-state defendants prior to service"); *Aghamalian v. OurPet's Co.*, No. 19-cv-1011,

For the reasons articulated in Plaintiffs' memoranda and the courts' thoughtful decisions in *Flandro* and *Tortella*, this court rejects the tactic of snap removal and remands this action to state court. Because this court has not previously ruled on this issue, and given the split of authority nationally and the lack of binding Tenth Circuit precedent, the court declines to award costs and attorney fees to Plaintiffs.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED IN PART AND DENIED IN PART. The action is REMANDED the Third District Court, State of Utah, but the court declines to award attorney fees and costs to Plaintiffs. The Clerk of Court is directed to close this case.

DATED this 17th day of April 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

2019 WL 13444177, (D. Colo. Sept. 12, 2019); *Lone Mountain Ranch, LLC*, 988 F. Supp. 2d 1263, 1267 (D.N.M. 2013) (determining the forum-defendant rule bars removal).